# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| GARY OWENS and OBO DLT TRANSPORT,<br><br>*Plaintiffs*,<br><br>vs.<br><br>THE STATE OF KANSAS, LINN COUNTY, LINN COUNTY DISTRICT COURT, RICHARD SMITH, JOHN SUTHERLAND, UNKNOWN RE-ISSUER OF BOGUS WARRANT, THE KANSAS HIGHWAY PATROL, CJ HAMMOND, JUSTIN ROHR, ALEX TAYLOR, SALINE COUNTY SHERIFFS DEPARTMENT, CRAIG NORRIS, W. MUEHLBERG, OFFICER DICKINSON, ROY PALMER, PALMER TRUCK AND TRAILER REPAIR, and GLEN KOCHANOWSKI,<br><br>*Defendants*. | Case No. 11-4007-EFM |

## MEMORANDUM AND ORDER

This case arises out of Plaintiff Gary Owens' arrest that occurred on December 20, 2006, near Salina, Kansas. In their complaint, Plaintiffs, Owens and OBO DLT Transport, proceeding pro se, allege that every party that played a role in Owens' arrest and subsequent processing is a "member[] of or beholden to a nefarious criminal organization which is dedicated to the maxim, 'tell any lie, violate any rule, break any law, statutes, policy and regulations, and commit any crime

necessary to perfect schemes, frauds, swindles, and extortion.' "[1] The following motions are now before the Court: (1) Saline County Sheriffs Department's, Craig Norris', William Dickinson's, W. Muehlberg, and Glen Kochanowski's ("Saline County Defendants") Rule 12(b)(2) & (3) motion to dismiss (Doc. 9); (2) CJ Hammond's, the Kansas Highway Patrol's, the State of Kansas', Linn County District Court's, Justin Rohr's, Richard Smith's, and Alex Taylor's Motion to Dismiss (Doc. 18); (3) Linn County's and John Sutherland's Motion to Dismiss and/or For Judgment on the Pleadings (Doc. 30); (4) Plaintiffs' Motion to Strike CJ Hammond's, the Kansas Highway Patrol's, the State of Kansas', Linn County District Court's, Justin Rohr's, Richard Smith's, and Alex Taylor's Motion to Dismiss (Doc. 40); (5) Plaintiffs' Motion to Vacate the Court's Order striking his response to Saline County Defendants' Rule 12(b)(2) & (3) motion (Doc. 41); (6) Roy Palmer's and Palmer Truck and Trailer Repair's Motion to Dismiss (Doc. 48); and (7) Saline County Defendants' Motion to Dismiss (Doc. 50). For the reasons stated below, the Court concludes that this case should be dismissed.

## I. BACKGROUND

On December 20, 2006, Plaintiff Owens, an over-the-road truck driver, was pulled over by Kansas Highway Patrol Trooper CJ Hammond near Salina, Kansas. Among other things, Trooper Hammond ran Owens' driver license, which led to the discovery of the fact that a Linn County official had issued a bench warrant for Owen's arrest in July 23, 1997.[2] When asked, Trooper

---

[1] *See* Doc. 1, p. 4.

[2] The Court takes judicial notice of the fact that the warrant was issued in 1997 by a Linn County official. *See, e.g., United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (stating that a court "may exercise [its] discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand"); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group LTD.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint."); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("[T]he district court may also take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary

Hammond was unable to answer Owens' question of why the arrest warrant had been issued, but he did say that it had been renewed on October 19, 2006. Due to the outstanding warrant, Trooper Hammond arrested Owens. Fearing that his vehicle, and the cargo contained therein, would be left on the side of the road, Owens requested that he be able to move it to a nearby truck stop. Owens' request was denied, and Roy Palmer of Palmer Truck and Trailer Repair was called in to remove Owens' vehicle from the road. At some point in time, Troopers Justin Rohr and Alex Taylor arrived on scene.

Owens was taken to the Saline County jail for booking. There, Owens' photo and fingerprints were taken, Owens' money was inventoried, and Owens was searched by the following members of the Saline County Sheriffs Department: Glen Kochanowski, Craig Norris, W. Muehlberg, and Officer Dickinson. Owens alleges that these officers, like the arresting troopers, assaulted, battered, intimidated, and harassed him to further "their scheme to extort under color of law [and] to further their meanness and greed."[3] As a result of law enforcement's actions, Owens claims to have suffered severe emotional distress.

Eventually, Owens bonded out of jail by posting a $500 bond, which was the amount set forth in the 1997 bench warrant. Owens did not receive back the money that was taken from him during the booking; however, he did receive a check in the amount of $102.72. According to Owens, upon his release, the Saline County Sheriffs Department issued him a bogus bond card, as

---

judgment." (internal quotation marks omitted)); *Cont'l Coal, Inc. v. Cunningham*, 511 F. Supp. 2d 1065, 1071 (D. Kan. 2007) (considering "pleadings, court orders, motions and certified transcripts of hearings from [a related] state court case" when deciding the defendant's Rule 12(c) motion).

[3]*See* Doc. 1, p. 8.

the portion of the card stating Saline County was marked out and replaced with Linn County and the card did not say how to get to the Linn County courthouse.

At some point in time, Owens began filing, via fax, motions and pleadings with the Linn County Court Clerk's Office and John Sutherland, the Linn County Attorney.[4] Owens alleges that many of his motions and pleading were never answered, and that Sutherland had ex parte hearings with Judge Richard Smith, the chief judge for the Sixth Judicial District and who sits in Linn County,[5] which ultimately resulted in the conversion of Owens' $500 bond "to the criminal enterprise treasuries of [Linn] [C]ounty."[6] To cover up their gross misconduct, Owens claims that Sutherland and Smith removed court documents from the record.

Based on the events described above, on December 20, 2010, Plaintiffs, proceeding pro se, filed this action in the United States District Court for the Northern District of Texas, asserting a litany of claims arising under both federal law, namely 42 U.S.C. §§ 1983, 1985, & 1986 and 18 U.S.C. § 1964(a) & (c), and state law. Plaintiffs are requesting, among other things, injunctive and declaratory relief, $30,000,000 in punitive damages, possession of the arresting troopers' squad cars, that John Sutherland be permanently disbarred, and possession of Sutherland's bar card.

## II. Legal Standards

**Rule 12(b)(1) Standard**

---

[4] The Court takes judicial notice of the fact that John Sutherland is the county attorney for Linn County. *See* Fed. R. Evid. 201(b) (discussing the types of facts that are judicially noticeable).

[5] Judicial notice of the fact that Smith is chief judge for the Sixth Judicial District and sits in Linn County is taken.

[6] *See* Doc. 1, p. 14.

District courts have "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."[7] "A case arises under federal law if its 'well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' "[8] Plaintiff is responsible for showing the court by a preponderance of the evidence that jurisdiction is proper.[9] Mere allegations of jurisdiction are not enough.[10]

Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction.[11] The law imposes a presumption against jurisdiction, and plaintiff bears the burden of showing that jurisdiction is proper.[12]

**Rule 12(b)(6) Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' "[13] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable

---

[7] 28 U.S.C. § 1331.

[8] *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

[9] *United States v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002).

[10] *Id.* at 798.

[11] *Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007).

[12] *See, e.g., Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

[13] *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

likelihood of mustering factual support for these claims."[14] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[15]

In determining whether a claim is facially plausible, the court must draw on its judicial experience and common sense.[16] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[17] Allegations that merely state legal conclusions, however, need not be accepted as true.[18]

**Rule 12(c) Standard**

The distinction between Fed. R. Civ. P. 12(c) and Fed. R. Civ. P. 12(b)(6) is one without difference, as the standards under the two provisions are the same.[19] Thus, to survive a motion to dismiss made under Rule 12(c), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[20] The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief.[21]

**Pro Se Standard**

---

[14] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[15] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[16] *Iqbal*, 129 S. Ct. at 1950.

[17] *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[18] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *See Ward v. Utah*, 321 F.3d 1263, 1266 (10th Cir. 2003); *Cont'l Coal, Inc.*, 511 F. Supp. at 1070.

[20] *Twombly*, 550 U.S. at 555.

[21] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[22]  However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant."[23]  "[T]he court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[24]

### III. ANALYSIS

As noted above, there are a number of outstanding motions.  These motions fall into two distinct categories: (1) motions addressing whether the United States District Court for the Northern District of Texas had personal jurisdiction over Defendants and is the proper venue to entertain this matter; and (2) motions addressing whether Plaintiffs' action should be dismissed because either the Court lacks subject-matter jurisdiction over Plaintiffs' claims or Plaintiffs' complaint fails to state a claim upon which relief can be granted.  The Court will address these categories of motions in turn.

**Saline County Defendants' Rule 12(b)(2) & (3) Motion (Doc. 9) and Plaintiffs' Motion to Vacate the Court Order Striking Their Response to this Motion (Doc. 41)**

On January 18, 2011, the Saline County Defendants filed a motion asking the United States District Court for the Northern District of Texas to dismiss Plaintiffs' case because it lacked personal jurisdiction over them, or, in the alternative, to transfer the case to the District Court for the District of Kansas.  In an order issued on January 20, 2011, the District Court for the Northern

---

[22]*Hall*, 935 F.2d at 1110.

[23]*Id.*

[24]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

-7-

District of Texas, referencing the Saline County Defendants' motion, transferred Plaintiffs' case to this Court pursuant to 28 U.S.C. § 1404(a).[25]

On February 16, 2011, Plaintiffs filed their response to Defendants' January 18 motion. Because Plaintiffs' response was untimely under the local rules, the Court struck it.[26] Plaintiff then filed a motion to vacate the order striking their response. In their motion, Plaintiffs argue that their response should be reinstated because Owens, the filer, was confused about where to file it, and, due to the fact that Owens is an over-the-road truck driver, it is difficult for Plaintiffs to timely file documents. According to Plaintiffs, these two facts constitute excusable neglect, which is required under the local rules to file an untimely response.[27]

The Court denies both motions. Beginning with the Saline County Defendants' motion first, it is moot, as Plaintiffs' case has already been transferred to the District Court of the District of Kansas, a court that clearly has personal jurisdiction over Defendants. Accordingly, Defendants' Rule 12(b)(2) & (3) motion is denied. As for Plaintiffs' motion, it fails because it does not establish excusable neglect. While the Court sympathizes with Plaintiffs, the fact remains that "pro se parties

---

[25]None of the parties discuss what effect this transfer has on the law that the Court applies in this case. Under § 1404(a), the transferee court is to apply the law of the transferor court. *See, e.g., Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990). Therefore, because Plaintiff brought its suit in Texas, the Court must apply Texas law. Pursuant to Texas' conflict of law principles, courts are to apply the non-substantive, procedural rules of Texas. *See, e.g., Arkoma Basin Exploration Co., Inc. v. FMF Assocs. 1990-A, Ltd.,* 249 S.W.3d 380, 387 (Tex. 2008). "The statute of limitations is a procedural issue." *Hill v. Perel*, 923 S.W.2d 636, 639 (Tex. Ct. App. 1995). Therefore, the Court will apply Texas law when deciding what is the applicable statute of limitation for Plaintiffs' claims. However, as for the substantive issues, assuming there is a conflict between Kansas and Texas on such issues, the Court will apply Kansas law because that is the state with the most significant relationship to the claims asserted by Plaintiffs. *See, e.g., Torrington Co. v. Stutzman*, 46 S.W.3d 829, 848 (Tex. 2000) (applying the Restatement's "most significant relationship" test).

[26]*See* Doc. 25.

[27]*See* D. Kan. R. 7.4(b).

[must] follow the same rules of procedure that govern other litigants."[28] As a result, the Court denies Plaintiffs' motion to reinstate their response.

The Court notes, though, that even if it were to grant Plaintiffs' motion, Plaintiffs' response would not impact this case in anyway. The Court has reviewed Plaintiffs' response, and finds that it sets forth no basis for altering the District Court for the Northern District of Texas' conclusion that this Court is the proper venue to hear this matter.

**Defendants' Motions to Dismiss (Docs. 18, 30, 48, 50) and Plaintiffs' Motion to Strike the First Motion to Dismiss That Was Filed (Doc. 40)**

Plaintiffs responded to the filing of the first motion to dismiss by filing a motion to strike, as opposed to a response. The Court has reviewed Plaintiffs' motion and has determined that it provides no basis for striking the first motion to dismiss. As a result, the Court denies Plaintiffs' motion, and moves on to address the substance of both the first motion to dismiss, as well as the other ones that were subsequently filed.

Before applying the Rule 12(b)(6) analysis to Plaintiffs' claims, though, the Court must first determine if there are any claims over which it lacks subject-matter jurisdiction.[29] Under the Eleventh Amendment, the State of Kansas, governmental entities that act as arms of the state, and state officials sued in their official capacities are immune from suit in federal court, irrespective of the relief sought, unless the state has waived its immunity or Congress has abrogated it.[30] Here,

---

[28] *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks omitted).

[29] *See, e.g., In re Aramark Leisure Servs.*, 523 F.3d 1169, 1173 (10th Cir. 2008).

[30] *See, e.g., V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1420-21 (10th Cir. 1997).

Kansas has not waived its immunity,[31] and Congress has not abrogated it.[32] As a result, the Court clearly lacks jurisdiction to entertain Plaintiffs' claims against the State of Kansas. As for Plaintiffs' claims against the Kansas Highway Patrol ("KHP") and the Linn County District Court ("LCDC"), it is a closer call. To determine whether these governmental entities are entitled to Eleventh Amendment immunity, the Court must consider the following four factors: (1) the character ascribed to the entity under state law; (2) the autonomy accorded to the entity under state law; (3) the entity's finances; and (4) whether the entity in question is concerned primarily with local or state affairs.[33]

Applying the above factors to the KHP, the Court concludes that it is protected by the Eleventh Amendment. Among others things, KHP members have the authority to enforce the state's laws anywhere within the state, irrespective of county lines,[34] all of the equipment supplied to KHP members remain property of the state,[35] and KHP members are subject to the Kansas civil service act.[36] Thus, in light of these facts, it is clear that the primary purpose of the KHP is to serve the State of Kansas, as opposed to just a local municipality or county. As a consequence, the Court concludes

---

[31] *See* K.S.A. 75-6116(g). Based on Plaintiffs' motion to strike, it appears that it is their position that Eleventh Amendment immunity was waived by the Saline County Defendants' filing for, and receiving, a transfer of Plaintiffs' case to this Court. Plaintiffs' position is erroneous. Unlike the cases cited by Plaintiffs, this case does not involve a removal of the plaintiff's action from a state court to a federal court, but rather a transfer from one federal court to another. *See, e.g., Beckham v. Nat'l R.R. Passenger Corp.*, 569 F. Supp. 2d 542, 552-56 (D. Md. 2008) (rejecting the same argument that is made by Plaintiffs).

[32] *See, e.g., Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (section 1983 does not abrogate a state's sovereign immunity); *Lape v. Pennsylvania*, 157 F. App'x 491, 497 n.5 (3d Cir. 2005) (RICO does not abrogate a state's sovereign immunity)*; Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998) (section 1985 does not abrogate a state's sovereign immunity); *Cerrato v. S.F. Cmty. Coll. Dist.*, 26 F.3d 968, 975 (9th Cir. 1994) (section 1986 does not abrogate a state's sovereign immunity).

[33] *See, e.g., Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007).

[34] *See* K.S.A. 74-2108.

[35] *See* K.S.A. 74-2111.

[36] *See* K.S.A. 74-2114(b).

that the KHP is immune from suit in federal court.[37] Additionally, due to the previous conclusion, the Court also finds that the individual members of the KHP are immune from Plaintiffs' damage claims in so far as they are asserted against them in their official capacity.

As for the LCDC, it too is immune from suit. The question regarding the applicability of the Eleventh Amendment to this entity is made trickier by the fact that the LCDC receives a considerable amount of funding from Linn County.[38] Nevertheless, despite this fact, the Court agrees with the Third and Ninth Circuits' decision that these entities are entitled to Eleventh Amendment immunity.[39] Notably, the LCDC, like every other county district court in the state, is considered by the state's constitution to be part of the state's "one court of justice."[40] Furthermore, it is subject to the Kansas Supreme Court's general administrative authority,[41] which includes, among other things, the ability to transfer cases from one district to another.[42] Accordingly, the Court concludes that the LCDC is immune from suit in federal court.

---

[37]*See Steadfast Ins. Co.*, 507 F.3d at 1253 ("If a state entity is more like a political subdivision – such as a county or city – than it is like an instrumentality of the state, that entity is not entitled to Eleventh Amendment immunity."). This conclusion is consistent with the one reached by other courts. *See, e.g., Keller v. California*, 234 F. App'x 699, 699 (9th Cir. 2007).

[38]*See* K.S.A. 20-348.

[39]*See Benn v. First Judicial Dist. of Penn.*, 426 F.3d 233, 240-41 (3d Cir. 2005); *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987); *see also Myers v. Sup. Ct. of Kan.*, 2006 WL 276399, at *4 (D. Kan. Feb. 1, 2006) (finding that the Fourth Judicial District of Kansas is entitled to Eleventh Amendment immunity); *cf. Harris v. Mo. Ct. App., W. Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (finding that a state appellate court is an entity that is protected by the immunity afforded by the Eleventh Amendment).

[40]*See* Kan. Const. art. 3, § 1.

[41]*See id.*

[42]*See* K.S.A. 20-318(b).

In addition to the afore stated entities, John Sutherland and Judge Smith are entitled to Eleventh Amendment immunity in so far as Plaintiffs are asserting damage claims against them in their official capacity.[43]

In sum, the Court finds that the Eleventh Amendment strips it of jurisdiction over Plaintiffs' damage claims against the KHP troopers, John Sutherland, and Judge Smith in their official capacities and over all of Plaintiffs' claims against the State of Kansas, the KHP, and the LCDC. With regard to the rest of the defendants, however, the Court concludes that it has jurisdiction to entertain the claims against them.

Plaintiffs' claims against the "unknown re-issuer of bogus warrant," Troopers Hammond, Rohr, and Taylor, the Saline County Defendants, Roy Palmer, and Palmer Truck and Trailer Repair should be dismissed under 12(b)(6). First, Plaintiffs' § 1983 claim, as well as their state law claims, are barred by the applicable statute of limitation, as there is no allegation that these defendants took any action against Plaintiffs after December 20, 2006.[44] Second, to the extent that Plaintiffs are attempting to hold these Defendants liable under sections 1985 or 1986 or RICO, their efforts fail because such claims are implausible. To succeed on a 1985 or 1986 claim, the following four factors must be satisfied: "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal

---

[43]*See, e.g., Nielander v. Bd. of Cnty. Comm'rs of Cnty of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009) (county attorney is entitled to Eleventh Amendment immunity); *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004) (county district court judge is entitled to Eleventh Amendment immunity).

[44]*See, e.g., Brockman v. Tex. Dep't of Crim. App.*, 397 F. App'x 18, 21 (5th Cir. 2010) (two-year statue of limitation applies to § 1983 claims); Tex Civ. Prac. & Rem. Code Ann. § 16.003(a) (two-year statute of limitation applies to "conversion of personal property, taking or detaining the personal property of another, personal injury forcible entry and detainer, and forcible detainer")). The result would be no different if the Court was to apply Kansas law. *See, e.g., Lyons v. Kyner*, 367 F. App'x 878, 882 (10th Cir. 2010) (two-year statute of limitation applies to § 1983 claim); K.S.A. 60-513(a)(4) (two-year statute of limitation applies to claims not arising from a contract or other action described in Chapter 60, Article 5, of the Kansas Statutes); K.S.A. 60-514 (one-year statute of limitation applies to assault, battery, malicious prosecution, or false imprisonment claim).

privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom."[45] For a RICO claim, the plaintiff must establish: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."[46] Here, Plaintiffs' theory of recovery under the cited statutes – that each of the named Defendants was part of an enterprise or "conspiracy to preserve and expand the treasuries of the STATE OF KANSAS and the entities involved in this matter at hand to unsuspecting individuals by breaking their own state civil, criminal, rules of proper procedures, policies, and motor vehicle stops, and non resident violator statutes of fair notice, and their own state constitution"[47] – is outlandish. It simply defies logic to believe that government employees and independent parties across Kansas have conspired together to illegally deprive persons in the state of their property.[48] As a consequence, these Defendants' motions to dismiss the claims against them are granted.[49]

---

[45]*Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993).

[46]*Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003) (internal quotation marks omitted).

[47]*See* Doc. 1, p. 3.

[48]In addition to the fact that it is irrational to believe, based on Plaintiffs complaint, that a state-wide conspiracy exists, Plaintiffs' section 1985 and 1986 claims also fail because these two statutory causes of action only reach conspiracies " 'motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus,' " *Kirby v. Dallas Cnty. Adult Prob. Dep't*, 359 F. App'x 27, 35 (10th Cir. 2009) (quoting *Tilton*, 6 F.3d at 686), and Plaintiff has not alleged discriminatory animus, *id.*

[49]The Court is cognizant of the fact that the "unknown re-issuer of bogus warrant" and Saline County, who is not listed in the case caption, but is nevertheless accused of violating Owens' rights in the body of Plaintiffs' complaint, did not file motions to dismiss. This fact is of no consequence, though, as " '[a] sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.' " *Mavrovich v. Vanderpool*, 427 F. Supp. 2d 1084, 1089 (D. Kan. 2006) (quoting *McKinney v. State of Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). In addition to the claims discussed above, it appears that Plaintiffs may also be attempting to assert claims under the following federal statutes: 42 U.S.C. § 1988, 28 U.S.C. §§ 1331, 1343, & 1346, and 18 U.S.C. §§ 231, 241, 242, 373, 659, 875, 880, 1201, 1202, 1341, 1343, 1346, 1951, 1952, 1956, 1957, 1959, 1961, 2312, 2313, 2314, 2315, & 2316. Circuit court precedent demonstrates that 42 U.S.C. § 1988, 28 U.S.C. §§ 1343 & 1346, and 18 U.S.C. §§ 241, 242, 875, 1341, 1343, 1346, & 1951, do not create independent causes of action. *See, e.g., O'Connor v. St. John's Coll.*, 290 F. App'x 137, 139 n.1 (10th Cir. 2008) (42 U.S.C. § 1988); *Lynch v. Bulman*, 2007 WL 2993612, at *2 (10th Cir. Oct. 15 2007) (18 U.S.C. §§ 241 & 242); *Clements v. Chapman*, 189 F. App'x 668, 692 (10th Cir. 2006) (18 U.S.C. §§ 875, 1341, 1343, & 1951); *Strong v. Ford*, 1997 WL 120757, at *1 (9th Cir. Mar. 17, 1997) (28 U.S.C. §§ 1343 & 1346);

With regard to the remaining claims against John Sutherland, Judge Richard Smith, and Linn County, they too should also be dismissed. Sutherland is entitled to absolute immunity from Plaintiffs' claims because there are no allegations that the actions he took were not intimately connected with the judicial phase of a criminal process, i.e., the prosecution of Owens.[50] Likewise, Judge Smith is entitled to absolute immunity because Plaintiffs' alleged injuries arise out of actions that Smith took while acting in a judicial capacity in a case that he did not clearly lack jurisdiction over.[51] Lastly, the claims against Linn County fail for a combination of three reasons. First, none of the actions taken by Sutherland, Judge Smith, or the LCDC may be attributed to the county, as these parties are considered to be state actors or entities.[52] Second, to the extent Plaintiffs' claims against the County are predicated upon the actions of the "unknown issuer of bogus warrant" they are barred by the applicable statute of limitation because the unknown issuer's actions took place more than four years before suit was filed. Third, any claim that Plaintiffs could have against the County for actions it took are implausible based on the factual allegations contained in Plaintiffs'

---

*Reynolds v. United States*, 643 F.2d 707, 709 (10th Cir. 1981) (28 U.S.C. § 1346). As for the remaining statutes cited by Plaintiffs in their complaint, which, with one exception, are all criminal statutes, the Court concludes that they too do not provide independent causes of action. *See, e.g., Kissi v. Panzer*, 664 F. Supp. 2d 120, 127 (D.D.C. 2009) (reaching the same conclusion with regard to 18 U.S.C. §§ 1952 & 1957); *Crawford v. Adair*, 2008 WL 2952488, at *1 (E.D. Va. July 29, 2008) (reaching the same conclusion with regard to 18 U.S.C. § 2314); *Brown v. Montana*, 442 F. Supp. 2d 982, 988 (D. Mont. 2006) (reaching the same conclusion with regard to 18 U.S.C. § 1201); *Piorkowski v. Parziale,* 2003 WL 21037353, at *8 (D. Conn. May 7, 2003) (reaching the same conclusion with regard to 18 U.S.C. § 2312); *Dubai Islamic Bank v. Citibank, N.A.*, 126 F. Supp. 2d 659, 668 (S.D.N.Y. 2000) (reaching the same conclusion with regard to 18 U.S.C. § 1956); *Mead Corp. v. United States*, 490 F. Supp. 405, 407 (D.D.C. 1980) (reaching the same conclusion with regard to 28 U.S.C. § 1331). As a result, to the extent Plaintiffs are attempting to assert claims under these federal statutes, their efforts fail.

[50]*See, e.g., Eidson v. Burrange*, 113 F. App'x 860, 863 (10th Cir. 2004) (citing *Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994)).

[51]*See, e.g., Eidson*, 113 F. App'x at 862 (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

[52]*See Schroeder*, 311 F. Supp. 2d at 1254, 1256 (county attorneys and county district court judges are state actors); *Myers*, 2006 WL 276399, at *4 (county district court is a state entity).

complaint. Accordingly, the Court concludes that the claims against these Defendants should also be dismissed.[53]

**IT IS THEREFORE ORDERED** that Defendants' 12(b) motion to dismiss (Doc. 9) is hereby DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Doc. 18) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss and/or for judgment on the pleadings (Doc. 30) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to strike (Doc. 40) is hereby DENIED.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to vacate Court order striking certain documents (Doc. 41) is hereby DENIED.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Doc. 48) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss (Doc. 50) is hereby GRANTED.

**IT IS SO ORDERED**.

Dated this 10th day of May, 2011.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[53] John Sutherland and Linn County also argue that Plaintiffs' claim should be dismissed because of the *Rooker-Feldman* doctrine. Because the Court concludes that the claims against these Defendants should be dismissed for alternative reasons, the Court does not address this argument. *See, e.g., Mehdipour v. Matthews*, 386 F. App'x 775, 779 (10th Cir. 2010) (declining to address the defendant's *Rooker-Feldman* argument because the plaintiff's claims could be dismissed on other grounds).